**BAILEY VAUGHT ROBERTSON & CO., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 3:92–CV–0528–T.

United States District Court,
N.D. Texas,
Dallas Division.

June 4, 1993.

William Eugene Bailey, Law Offices of William Eugene Bailey, Lawrence R. Jones, Law Office of Lawrence R. Jones Jr., Dallas, TX, for Bailey Vaught Robertson & Co.

Roger W. Bracken, U.S. Dept. of Justice, Office of Sp. Litigation, Tax Div., Washington, DC, for U.S.

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MALONEY, District Judge.

Before the Court is Plaintiff's March 5, 1993, motion for summary judgment. Defendant responded on April 23, 1993. Plaintiff replied. The Court, having considered the motion and the parties briefs, is of the opinion that the motion should be denied.

### BACKGROUND

This case involves civil tax penalties assessed by the Internal Revenue Service against Plaintiff Bailey Vaught Robertson & Company (BVR) under two sections of the Internal Revenue Code, 26 U.S.C. §§ 6700 and 6701 (West Supp.1993). The § 6700 penalty was assessed because of BVR's alleged involvement in the promotion of an abusive tax shelter known as the Coral tax shelter.[1] The § 6701 penalty was assessed because of BVR's alleged preparation of tax returns for investors in the Coral tax shelter when BVR knew that the returns understated the investors' tax liabilities. Penalties were also assessed individually against five former and present partners of BVR for their alleged involvement in the promotion of and preparation of documents for the Coral tax shelter. A number of these partners have filed bankruptcy petitions seeking to discharge, among other things, the penalties assessed by the IRS.

In this action, BVR seeks a declaratory judgment that it is not liable for the penalties. BVR advances the following five arguments in support of its motion for summary judgment:

(1) Penalties under §§ 6700 and 6701 cannot be assessed against BVR because such penalties may not be assessed against a partnership;

(2) Penalties under §§ 6700 and 6701 cannot be assessed against BVR because such penalties can only be assessed against a taxpayer, and BVR, as a partnership, is not a taxpayer;

(3) The assertion of the same penalties under §§ 6700 and 6701 against BVR and against BVR's former or present partners is a double penalty prohibited by law;

(4) The United States is barred from pursuing its claim for penalties against BVR because the penalties are dischargeable in the bankruptcy proceedings of BVR's former and present partners; and,

(5) Assessment of penalties against BVR under §§ 6700 and 6701 violates § 6701(f)(3).

The United States argues that each of these arguments is incorrect and that BVR's motion for summary judgment should be denied.

### SUMMARY JUDGMENT STANDARD

Summary judgment should only be entered where the record establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant bears the burden of establishing the propriety of summary judgment. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

Once a properly supported motion for summary judgment is made, the adverse party

---

1. Coral refers to Coral Sociedade Brasileira de Pesquisas e Desenvolvimento Limitada. For a detailed discussion of the Coral tax shelter see the Fifth Circuit's opinion in *United States v. Campbell*, 897 F.2d 1317 (5th Cir.1990).

**444**

must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The substantive law will identify what facts are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute as to a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510.

### DISCUSSION

#### 1

■ BVR argues that, because it is a partnership, it is not a person subject to the penalties of §§ 6700 and 6701. Section 6700 provides that "any person" who engages in certain prohibited promotional activities may be held liable for penalties.[2] Section 6701 provides that "any person" who engages in certain prohibited advisory or preparatory activities may be held liable for penalties.

For purposes of the Internal Revenue Code, Title 26 United States Code, the term "person" includes a partnership. 26 U.S.C. § 7701(a)(1). This definition is to be used unless another definition of the term is "distinctly expressed" or the use of the § 7701(a)(1) definition would be "manifestly incompatible" with the intent of Title 26.

The United States argues that the § 7701(a)(1) definition applies to §§ 6700 and 6701. BVR argues that the definition in § 6671(b) applies. Section 6671(b) provides: "The term 'person', as used in this subchapter, *includes* an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." (Emphasis added). BVR argues that the class of persons defined in § 6671(b) are the only persons that can be assessed penalties under §§ 6670 and 6701. The Court disagrees.

Section 7701(a)(1) provides the general definition to be used throughout Title 26. That definition is to be used except in limited circumstances. Section 6671(b) simply expands the definition of person in § 7701(a)(1) to "include" certain other individuals. There is nothing to indicate that § 6671(b) in any way limits or restricts the definition in § 7701(a)(1).

BVR argues that statutory ambiguities in penalty provisions must be revolved in favor of lenity. While this may be true, the Court is of the opinion that there is no ambiguity with regard to the issue whether BVR is a person under §§ 6700 and 6701.

If the Court accepted BVR's definition of person, neither a corporation nor a partnership would be subject to the penalty provisions of §§ 6700 and 6701. Further, no individual, other than one involved with a corporation or partnership, would be subject to those penalties. There is nothing to establish that Congress intended to so limit the imposition of §§ 6700 and 6701. Therefore, the Court is of the opinion that BVR is subject to the penalty provisions of §§ 6700 and 6701.

#### 2

■ BVR argues that, because a partnership is not a taxpayer, BVR cannot be held liable for penalties. Section 6671(a) provides in part that "[T]he penalties and liabilities provided by this subchapter shall be ... assessed and collected in the same manner as taxes." BVR construes this provision to mean that penalties can only be assessed against taxpayers. Therefore, because partnerships are not subject to federal income tax pursuant to § 701, BVR argues that it cannot be liable for §§ 6700 and 6701 penalties. The Court disagrees.

Sections 6700 and 6701 provide for the imposition of penalties on persons, not taxpayers. There is nothing to suggest that Congress intended to limit imposition of the penalties in question to those entities that pay income taxes. Section 6671(a) states that the penalties are to be "assessed and collected in the same manner as taxes," not that they are to be assessed and collected only against persons responsible for the pay-

---

**2.** Unless specifically indicated otherwise, all statutory references are to the Internal Revenue Code, Title 26 of the United States Code.

ment of income taxes. Therefore, the Court is of the opinion that §§ 6701 and 6700 penalties may be assessed against BVR despite the fact that BVR is not responsible for the payment of federal income taxes.

### 3

■ BVR argues that the assessment of penalties against the partnership and its partners in their individual capacities constitutes an impermissible double penalty. BVR contends that the penalties assessed against it and the its former and present partners are identical, arising from the same transactions, events, and occurrences.

BVR's position is supported by the decision of the District Court for the Eastern District of New York in *Re Tax Refund Litigation*, 766 F.Supp. 1248 (E.D.N.Y.1991). The Court in that case ruled that § 6700 penalties could not be assessed against both the partners and the partnership. *Id.* at 1256–57. This Court disagrees.

■ The statutory language is clear. "In determining the scope of a statute, we look first to its language. If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981), quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Courts must be careful not to substitute their judgment for that of Congress, add restrictions not contained in the statute, or rewrite clear statutory language. *Commissioner v. Mercantile National Bank at Dallas*, 276 F.2d 58, 62–63 (5th Cir.1960).

As previously discussed, the Court is of the opinion that the penalties in question are applicable to a partnership which engages in the prohibited conduct. There is no dispute that the penalties are applicable to individuals. There is nothing in the statute to indicate that the penalties should be limited when an individual happens to be a partner, and both the partner, in his individual capacity, and the partnership are assessed penalties.

■ Further, the Court disagrees with BVR's characterization of the penalty assessments as taxes. The penalties in question are not taxes. Rather, the § 6700 penalty is a "monetary penalt[y]" assessed against persons engaged in fraud or gross valuation overstatement. *United States v. Campbell*, 897 F.2d 1317, 1320–21 (5th Cir.1990). Similarly, the § 6701(a) penalty is a monetary penalty assessed against persons who prepare or assist in preparation of a portion of a tax return *"know[ing]* that such portion (if so used) would result in an understatement of the liability for tax of another person." (Emphasis added). Thus, it is clear that the penalties in question are punitive in nature. They are designed to prevent the type of conduct which gives rise to their imposition. BVR cites no law establishing that Congress's decision to impose these punitive measures in a sweeping fashion is in any way improper. Therefore, the Court is of the opinion that both BVR and its former and present partners may be held liable for §§ 6700 and 6701 penalties.

### 4

■ BVR argues that the United States cannot assess penalties against it because the penalties are dischargeable in the bankruptcy proceedings of BVR's former and present partners. BVR offers no authority to support its argument that the discharge of the partners' individual liability discharges the liability of the partnership. The Court recognizes the narrow distinction between partners and a partnership. However, where Congress has chosen to distinguish the partnership from the individual partners, the Court is unable to conclude that discharge of the partners' liability also discharges the liability of the partnership. Therefore, the Court is of the opinion that a discharge of the liability of the partners does not serve to discharge the liability of the partnership.

Finally, BVR argues that, pursuant to § 6701(f)(3), the United States cannot impose a penalty under both § 6700 and § 6701 for the same document. Section 6701(f)(3) provides, "[N]o penalty shall be assessed under section 6700 on any person with respect to any document for which a penalty is also

446

assessed on such person under [section 6701(a)]." 26 U.S.C. § 6701(f)(3) (West Supp.1993). BVR has failed to submit sufficient evidence whereby the Court could conclude that the § 6700 penalties are based on the same document as the § 6701 penalties. Therefore, summary judgment on this issue is improper.

## CONCLUSION

For the foregoing reasons, the Court is of the opinion that BVR's motion for summary judgment should be denied.

It is therefore **ORDERED** that Plaintiff's March 5, 1993, motion for summary judgment is denied.